UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JODY HIGHROLLER ENTERTAINMENT INC.,<br><br>- and -<br><br>HORST CHRISTIAN SIMCO p/k/a RiFF RAFF,<br><br>Plaintiffs,<br><br>-against-<br><br>INTERSCOPE RECORDS, INTERSCOPE GEFFEN A&M RECORDS and UNIVERSAL MUSIC GROUP, INC.,<br><br>Defendants. | Civ. No.: 9:24-cv-80723<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, JODY HIGHROLLER ENTERTAINMENT INC. ("Highroller Entertainment"), and HORST CHRISTIAN SIMCO ("RiFF RAFF") (collectively, "Plaintiffs"), by and through their undersigned attorneys, Garson, Ségal, Steinmetz, Fladgate LLP, bring this Complaint against INTERSCOPE RECORDS, INTERSCOPE GEFFEN A&M RECORDS ("Interscope Geffen"), and UNIVERSAL MUSIC GROUP, INC. ("UMG") (collectively, "Defendants"), and allege the following:

**PRELIMINARY STATEMENT**

1. This is a breach of contract action to recover unpaid royalties from Plaintiffs' contributions to the single ("The Illest"), on the album ("Dirty Bass"), and its various remixes and editions.

2. Plaintiffs seek twenty-five percent (25%) of unpaid royalties from "The Illest," along with a comprehensive accounting of all remixes, editions, and uses across various media platforms.

1

3. Defendants have willfully and repeatedly failed to provide the required royalty payments, despite numerous requests and clear acknowledgment of Plaintiffs' rights.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of the State of Florida and citizens of the State of California, and the amount in controversy exceeds $75,000.00.

## VENUE

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 (a) and/or (b).

6. This Court possesses personal jurisdiction over the Defendants because, upon information and belief, they regularly and continuously transact business in the State of Florida.

## THE PARTIES

7. Plaintiff Highroller Entertainment Inc. is a Florida corporation, with its principal place of business at 1800 E. Las Olas Blvd., 2nd Floor, Fort Lauderdale, FL 33301.

8. Plaintiff Horst Christian Simco, known professionally as RiFF RAFF, is an individual and resident of the State of Florida, Palm Beach County.

9. Upon information and belief, Defendant Interscope Records is a corporation or other business entity organized and existing under the laws of the State of California, with its principal place of business at 2220 Colorado Ave., Santa Monica, CA 90404.

10. At all relevant times hereto, Defendant Interscope Records purposefully established significant contacts in the State of Florida and has carried out, and continues to carry out, regular, substantial, continuous, and systematic business activities in the State of Florida.

11. Upon information and belief, Defendant Interscope Geffen is a corporation or other business entity organized and existing under the laws of the State of California, with its principal place of business at 2220 Colorado Ave., Santa Monica, CA 90404.

12. At all relevant times hereto, Defendant Interscope Geffen purposefully established significant contacts in the State of Florida and has carried out, and continues to carry out, regular, substantial, continuous, and systematic business activities in the State of Florida.

13. Upon information and belief, Defendant UMG is a corporation or other business entity organized and existing under the laws of the State of Delaware, with its principal place of business at 2220 Colorado Ave., Santa Monica, CA 90404.

14. At all relevant times hereto, Defendant UMG purposefully established significant contacts in the State of Florida and has carried out, and continues to carry out, regular, substantial, continuous, and systematic business activities in the State of Florida.

**FACTUAL BACKGROUND**

15. Upon information and belief, Plaintiff RiFF RAFF appeared on the musical composition entitled "The Illest" for the Far East Movement, which appeared on the album "Dirty Bass."

16. Upon information and belief, Plaintiff RiFF RAFF was to receive twenty-five percent (25%) of the royalties from his contributions on "The Illest."

17. Upon information and belief, on or about July 2, 2013, Interscope Records released "The Illest" as a single.

18. Upon information and belief, "The Illest" reached Number 18 on the Billboard Hot Rap Songs chart and was further featured as a bonus track on "Dirty Bass."

19. "The Illest" was also featured on the EP entitled "Murder Was the Bass," which was released on December 9, 2013.

20. Plaintiff RiFF RAFF has never received any royalties from his appearance on "Murder Was the Bass."

21. The success of "The Illest" was further augmented by a video directed by Mike Clattenburg, in which Plaintiff RiFF RAFF played a primary role and Hugh Jackman made a cameo appearance. Plaintiff RiFF RAFF is clearly shown in the video, as shown below:



22. Lyrically, "The Illest" comprises two verses and a chorus. Plaintiff RiFF RAFF wrote and performed half of the second verse as follows:

> "Yeah, nice chain, what a nice night
> My ice bright, I play the wall like a night-light
> Tangerine tambourine from the West Wing
> The best thing about my room? Versace bed springs
> I'm in the building, more gold than Rumpelstiltskin
> Aw shit, look who it is: the white Russell Simmons
> Jody Highroller, Far East Movement
> We so ill, I think I need some codeine fluid
> Riff!"

23. After his entrance, Plaintiff RiFF RAFF also performs the chorus.

24. This video has garnered over 16,000,000 views and many of the comments highlight that Plaintiff RiFF RAFF's contribution is the highlight of the video, such as the following:



25. Plaintiff RiFF RAFF has never received any royalties from his appearance on this video where he is performing "The Illest."

26. Another music video was released on April 15, 2014, in support of Far East Movement's "Ktown Riot" EP, in which the artist Snoop Dogg also gave a cameo appearance. RiFF RAFF again has a primary role as shown below performing the same lyrics:



27. This video has garnered over 1,600,000 views. Plaintiff RiFF RAFF has never received any royalties from his appearance on this video where he is performing "The Illest."

28. There are a number of other videos that have also garnered attention. Plaintiff RiFF RAFF has never received any royalties from these videos.

29. Specifically, Plaintiff RiFF RAFF's verses and/or recordings are also featured on:

   a. The official remix by DJ Eman;

   b. The Illest (DEORRO Remix);

   c. The Illest (Victor Niglio Remix);

   d. The Illest (Kronic Remix);

   e. The Illest (Rell the Soundbender Remix);

   f. The Illest (KTown Shekki X Savagez Remix).

30. Upon information and belief, all of the aforementioned was released, distributed, and/or produced by Defendants, individually, and collectively.

31. To date, Plaintiff RiFF RAFF has never received any royalties for his contribution to any of the foregoing track or video appearances.

32. Upon information and belief, Defendants have sold and licensed "The Illest" for synchronization, and recordings for use by third parties, and in several formats including, but not limited to, physical and digital formats, Internet downloads, and Internet streaming.

33. On or about April 9, 2021, Defendants contended that there was a reciprocal clearance understanding, waiving payment, between Far East Movement and Plaintiff RiFF RAFF for a future project of Plaintiff RiFF RAFF.

34. Defendants were informed that this did not accord with Plaintiffs records. As a result, Plaintiffs requested copy of such an agreement and asked, once again, to see the gross figures generated by the track.

35. On or about May 12, 2021, Defendants stated that their justification for non-payment was that there was side-artist clearance from Mad Decent, Plaintiff RiFF RAFF's then label, to perform "The Illest."

36. The referenced email never stated that such agreement waived Plaintiff RiFF RAFF's right to receive royalties, nor does that accord with Mr. Goggin's recollection.

37. Plaintiffs' counsel immediately responded and reiterated that, absent documentation to the contrary, Plaintiff RiFF RAFF is also entitled to his twenty-five percent (25%) performance royalties and asked for payment at that time.

38. Unsurprisingly, Defendants have not remitted payment to Plaintiff RiFF RAFF for publishing, despite it being agreed that he is so entitled, nor has documentation been received on artist royalties, and radio silence has prevailed.

39. On October 7, 2021, Plaintiff's attorneys sent a letter to Defendants demanding a full accounting together with royalties' payment. *See* **Exhibit A.**

40. To date, Defendants have not substantively responded to Plaintiffs' demands. This in line with Defendants' pattern of obfuscation and delay.

41. In a last-ditch effort to avoid the filing of this Complaint, on March 6, 2023, counsel for Plaintiffs sent a letter to the Defendants requesting an up-to-date accounting of all versions of the track "The Illest" and the currently assigned splits, along with any contracts regarding such, or an offer. *See* **Exhibit B**.

42. On or around May 25, 2023, Counsel for Defendants acknowledged Plaintiffs' rights and assured Plaintiffs' counsel the need for Plaintiffs to be compensated and estimated the song's earnings to be around $250,000.

43. Plaintiffs relied on these assurances that royalties and accounting records would be provided and requested these alleged documents and stated that if Defendants could produce them, they would honor the twenty-five percent (25%) promised split.

44. Despite these communications and repeated requests for accounting and fair compensation, Defendants have failed to provide the required documentation or settle the matter, leading to this litigation.

**FIRST CAUSE OF ACTION**
**<u>BREACH OF CONTRACT</u>**

41. Plaintiffs hereby restate and incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

42. Defendants have breached their contractual agreement with Plaintiffs by failing to pay owed royalties in the amount of twenty-five percent (25%) of proceeds, stemming from "The Illest," and all of its distributions, licenses, and other publications directly and/or to third parties.

43. Plaintiffs have been damaged as a result of being denied the funds they are rightfully owed under the agreement in an amount to be proven at trial but not less than five hundred thousand ($500,000) dollars.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

44. Plaintiffs hereby restate and incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

45. There currently exists a dispute between Plaintiffs and Defendants as to the manner in which royalties are to be paid.

46. Plaintiffs have no adequate remedy at law.

47. Plaintiffs are entitled to a declaratory judgment that they are entitled to be paid royalties from "The Illest" in an amount of twenty-five percent (25%) of all profits derived from the licensing, distribution, and other publications directly and/or to third parties.

48. Defendants have further breached their contractual obligations by failing to provide the documentation and accounting records requested in multiple correspondence, including the letters between the parties' attorneys.

## THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

49. Plaintiffs hereby restate and incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

50. By way of an alternative claim for relief to the breach of contract claim, Plaintiffs provided a service to Defendants which greatly benefited Defendants.

51. Defendants have failed to compensate Plaintiffs for the services provided to Defendants by failing to pay Plaintiffs royalties stemming from "The Illest."

52. Plaintiffs have demanded compensation from Defendants on numerous occasions, but Defendants have still failed to adequately compensate Plaintiffs.

53. The failure of Defendants to pay Plaintiffs for the reasonable value of their services has resulted in unjust enrichment to Defendants.

54. Defendants' continued failure to provide royalties and accounting records despite acknowledging the earnings from "The Illest" in correspondence from Defendants' attorney, dated May 25, 2023, constitutes unjust enrichment.

55. By virtue of the services provided by Plaintiffs and for the benefit of Defendants, Plaintiffs are entitled to recover the reasonable value of said services including a reasonable profit in an amount to be proven at trial but no less than Five Hundred Thousand Dollars ($500,000.00) plus reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION
### Promissory Estoppel

56. Plaintiffs hereby restate and incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

57. By way of an alternative claim for relief to the breach of contract claim, Plaintiffs offered their services, Plaintiff RiFF RAFF's likeness and contributed to "The Illest," including its numerous variations, licensing, publications, and distributions.

58. Plaintiffs did not provide such services for free but relied upon on the promises from Defendants that they would be paid twenty-five percent (25%) of proceeds from the licensing, distribution, and publication of "The Illest" in accordance with their agreement.

59. Defendants should reasonably have expected such promises to induce the provision of services by Plaintiffs.

60. Moreover, Plaintiffs relied on assurances from Defendants' representatives to Plaintiffs' counsel, that royalties and accounting records would be provided.

61. Plaintiffs requested these alleged documents and stated that if Defendants could produce them, they would honor the 25% agreement. However, Defendants have failed to fulfill these promises.

62. Defendants have failed to pay owed royalties in the amount of twenty-five percent (25%) of proceeds, stemming from "The Illest," and all of its distributions, licenses, and other publications directly and/or to third parties, and injustice will result if Defendants' promises are not enforced.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request judgment against Defendants for:

a. An award of monies owed;

b. Punitive damages;

c. Interest;

d. Attorneys' fees, costs, and disbursements;

e. A court order compelling Defendants to provide a full and detailed accounting of all versions of "The Illest" and any associated earnings; and

f. Such other and further relief as the Court deems equitable and just.

Dated: Aventura, Florida
June 7, 2024

**GS2Law PLLC**

By: /s/
Robert Garson (FL Bar No: 1034548)
20803 Biscayne Blvd., #405
Aventura, Florida 33180
(305) 780-5212
rg@gs2law.com

*Attorney for Plaintiffs*