UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 24-cv-80723-MIDDLEBROOKS

JODY HIGHROLLER ENTERTAINMENT INC.,
*et al.*

    Plaintiffs,
v.

INTERSCOPE RECORDS, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss First Plaintiff's Amended Complaint, filed on August 12, 2024. (DE 13). The Motion is fully briefed. (DE 17; DE 26). For the reasons set forth below, the Motion is granted.

In this contract dispute, Plaintiffs seek royalties purportedly owed to them in connection with the 2013 performance of a song and the 2014 release of an accompanying music video for the song. The Defendants have moved to dismiss the First Amended Complaint, arguing that it fails to state a claim for breach of contract, attaching to their Motion a series of emails which they allege constitute a "swap agreement" which would involve a swapping of services with no other compensation to the Plaintiffs. The Defendants also argue that the Amended Complaint should be dismissed because the statute of limitations bars Plaintiffs' claims. (DE 26).

Plaintiffs have responded apparently acknowledging the existence of the email exchange but questioning whether it represents the entire agreement. (DE 17). They then suggest that Plaintiffs are third party beneficiaries of the email exchange. Plaintiffs fail to substantively respond to Defendants' statute of limitations arguments.

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). For the purpose of this Motion, I construe the complaint in the light most favorable to the Plaintiffs, and all facts alleged by Plaintiffs are accepted as true. *See Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984); *McCulloch v. PNC Bank,*. 298 F.3d 1217, 1220 (11th Cir. 2002). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1983). However, dismissal is permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

The Amended Complaint does not state a claim for breach of contract. Under Florida law, the elements are: a valid contract, a material breach, and damages. *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller,* 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). Here, Plaintiffs do not clear the threshold hurdle, as their allegations do not establish the existence of a valid and enforceable contract. Plaintiffs do not attach a written agreement, nor does the Amended Complaint specify whether the agreement was written or oral. The Amended Complaint also does not identify the parties to the alleged agreement, nor specify its terms. In its Response, Plaintiffs appear to acknowledge the email exchange which Defendants' point to, but Plaintiffs' assert that it is incomplete. Without clarity about these basic elements of contract formation, the Amended Complaint must be dismissed for failure to state a claim.

I will allow the Plaintiffs to file a Second Amended Complaint, if they choose to do so, addressing these deficiencies. However I caution Plaintiffs that this claim may well be barred by the statute of limitations in any event,[1] and further litigation may not be productive.

## CONCLUSION

For the foregoing reasons, it is **ORDERED**:

1. Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (DE 13) is **GRANTED.**

2. Plaintiffs may, if they so choose, file a Second Amended Complaint **on or by November 25, 2024.** This authorization to amend is limited in scope: Plaintiffs may attempt to cure the pleading deficiencies in its allegations as they relate to its claim for breach of contract. However, Plaintiffs are *not* authorized to add additional claims or defendants absent the court's leave.

3. If no timely Second Amended Complaint is filed, this action may be dismissed without prejudice.

**SIGNED** in Chambers at West Palm Beach, Florida this 13 day of November, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: Counsel of Record

---

[1] Although a statute of limitations bar is an affirmative defense, and a plaintiff need not negate such a defense in his complaint, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate . . . if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).